UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ELENA MENDEZ,<br><br>  Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | Case No. 1:21-cv-01076-EPG<br><br>FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(ECF Nos. 1, 17, 19). |

This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF Nos. 6, 7, 10).

Plaintiff presents the following issues:

1. The ALJ failed to include work-related limitations in the RFC consistent with the nature and intensity of Plaintiff's limitations, and failed to offer legitimate reasons for rejecting Plaintiff's subjective complaints.

2. The Assessed physical and mental RFC is unsupported by substantial evidence where the

ALJ improperly interpreted medical data and failed to include uncontradicted work restrictions.

(ECF No. 17, p. 1).

Having reviewed the record, administrative transcript, the briefs of the parties, and the applicable law, the Court finds as follows:

**I.     ANALYSIS**

Although Plaintiff divides its arguments into two points, they both generally question the ALJ's conclusion regarding the effects of Plaintiff's asthma and asthma medication. The Court thus addresses these points together.

Plaintiff argues that the ALJ failed to address Plaintiff's allegations of side effects from her asthma medication, and points to certain medical records that Plaintiff claims were not adequately addressed on this issue.

The Commissioner argues, in response, that the ALJ acknowledged the alleged connection between asthma and medications. However, the Commissioner claims that the ALJ relied on substantial evidence that Plaintiff's increased mental health symptoms were not due to asthma medication. Moreover, the Commissioner argues that Dr. Stafanovic did not personally examine Plaintiff, and was only suggesting a possible adjustment to Plaintiff's medication, which was not adopted. The Commissioner also cites to several records indicating the Plaintiff's asthma and mental health symptoms were controlled in the relevant period.

In reviewing findings of fact with respect to RFC assessments, this Court determines whether the decision is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (internal citation omitted).

The ALJ's opinion acknowledges that the Plaintiff had said that her use of medication causes side effects. A.R. 28 ("She testified that her inhalers cause her to feel tired and increases her anxiety."); A.R. 29-30 ("She reported that some changes to her asthma medicine caused her to

feel jittery when she used them. She denied any other problems and she felt stable. Her exam was unremarkable (Exhibit 13F/64)."). However, the ALJ cited to substantial evidence that both her asthma and mental health were relatively stable, including the following:

> The alleged severity of the claimant's asthma is not consistent with the medical evidence. She alleged limitations with being able to walk or perform tasks for a prolonged period. Notably, her treating provider reported on October 17, 2019, that she has no problems standing, walking, or sitting for prolonged periods (Exhibit 16F/101-102). This statement is consistent with the physical exams showing no deficits in gait, ambulation, motor strength, range of motion, or sensation (*e.g.*, Exhibits 7F; 9F/1-2; 13F/64; 16F/88, 118, 125; 17F/1, 3). The claimant had one emergency room visit on April 29, 2019 (Exhibit 9F/1-3). However, her workup was unremarkable and she was diagnosed with a likely asthma exacerbation. She did not require hospitalization. Additionally, while she had periods of wheezing or respiratory deficits, this were not chronic and were generally resolved with medication (*e.g.*, Exhibits 1F/2; 2F/17; 9F/1- 2; 16F/101, 117, 124; 17F/1, 3). There were indications for symptom exacerbation due to allergens or weather changes, which I considered when determining her residual functional capacity. She had numerous exams noting normal respiratory findings, including her consultative examination (*e.g.*, Exhibits 2F/22, 27; 3F/5; 7F; 13F/64; 16F/88, 118, 125).

> Significantly, the claimant reported enjoying going to church twice weekly and that she is able to dress, bathe herself, cook, prepare meals, microwave food, wash dishes, complete laundry, and grocery shop (Exhibits 7E; 5F). She reported walking for exercise (Exhibit 2F/20). She also reported coping through gardening, staying inside and journaling (Exhibit 13F/10). Some of the physical and mental abilities and social interactions required in order to perform these activities are the same as those necessary for obtaining and maintaining employment. I find the claimant's ability to participate in such activities diminishes the persuasiveness of the claimant's allegations of functional limitations.

> . . .

> Dr. Wager, a consultative examiner, opined on March 14, 2019, that the claimant has no limitations with normal breaks for standing or walking, and no limitations for sitting, lifting and carrying capacity, postural activities, and manipulative activities (Exhibit 7F). Dr. Wagner opined that the claimant should avoid prolonged exposure to concentrated chemicals, dust, fumes, or gases due to her mild asthma. I find this opinion persuasive, due to the consistency with the normal exam findings. Those exam findings, in addition to the other exams showing no deficits in the claimant's motor or sensory function, or gait, support this opinion (*e.g.*, Exhibits 7F; 9F/1-2; 13F/64; 16F/88, 118, 125; 17F/1, 3). The environmental limitations are consistent with her history of asthma. However, I limited the claimant to a medium exertional capacity with postural limitations consistent with the statement from the claimant's treating nurse practitioner (Exhibit 14F).

> . . .

> Javier Hernandez, a treating NP-C, completed a functional assessment of the claimant on May 28, 2020, and August 20, 2020 (Exhibits 14F; 16F/49-52, 77-80). Mr. Hernandez reported that the claimant has a good prognosis for her moderate, persistent asthma and her depression. He also reported that she had stable vital signs with 99 percent oxygen saturation. He stated that the claimant's asthma has improved with medication, and that her depression has improved. Mr. Hernandez indicated that the claimant's impairments are not expected to last at least 12 months and emotional factors did not contribute to the severity of her symptoms and functional limitations. Mr. Hernandez opined that the claimant could sit, stand or walk for at least six hours during an eight-hour working day, and for more than two hours at one time. He further opined that the claimant does require a job that permits shifting positions at will, periods of walking around, or unscheduled breaks. Mr. Hernandez limited the claimant to occasionally lifting and carrying up to 50 pounds and frequently up to 20 pounds, frequently twisting, stooping, and crouching/squatting, and occasionally climbing. He reported that the claimant would likely be off task for 10 percent of the workday and she would be capable of moderate stress work. He also reported that the claimant would likely miss about two days of work per month due to her impairments or treatment. I find the exertional and postural limitations persuasive, as they are consistent with the generally normal exam findings, but also appropriately account for her history of asthma, obesity, and other, non-severe impairments (*e.g.*, Exhibits 7F; 9F/1-2; 13F/64;16F/88, 118, 125; 17F/1, 3). Those normal exam findings, but also the periods of wheezing and coarse breathing, supports these limitations (*e.g.*, Exhibits 1F/2; 2F/17; 9F/1-2; 16F/101, 117, 124; 17F/1, 3). Moreover, the limitation to "moderate" stress work was indicated as "normal" type work. That is consistent with finding no severe mental impairments and, therefore, persuasive (Exhibits 5F; 13F/3-4, 6, 13, 31; 16F/100). However, the off task limitation and absenteeism is not persuasive. There is no support in this opinion for that limitation, as Mr. Hernandez reported that the claimant has good prognosis and that her impairments are not expected to last at least 12 months and emotional factors did not contribute to the severity of her symptoms and functional limitations.

(A.R. 30-32).

Plaintiff does not contest the evidence cited. However, Plaintiff argues that the ALJ's conclusions are in error because ALJ ignored the findings of Dr. Stafanovic (*See* A.R. 606-607). The cited record states, in relevant part:

> Patient attributes her symptoms to prolonged stress coming from family health issues, and is now exacerbated by the COVID-19 pandemic. Patient has hx. Of asthma, now using more inhaler than usual, possibly due to anxiety. Patient started treatment with SSRI-sertraline and paroxetine, but both in high dose range. Patient reports intolerable side effects . . . .
>
> Medication side effects—it is possible that this patient developed sensitivity to

> SSRI because she can not tolerate higher doses of medication, usually because of alternate path of metabolism, which lead into high serum levels of medication . . .
>
> Anxiety—there has been a well know "vicious cycle" between anxiety/panic/asthma exacerbation;medication side effects. Patient may benefit from re-evaluation of her asthma by the pulmonary specialist and treatment plan with minimum ose of PRN-inhalers or high dose steroid sprays.

(A.R. 606-607). However, as the Commissioner points out, Dr. Stefanovic did not personally examine Plaintiff. Moreover, the medication side effects noted by Dr. Stefanovic are not the same as testified by Plaintiff: Dr. Stefanovic's note discusses side effects from SSRI-sertraline and paroxetine, not from Plaintiff's asthma inhaler.

Plaintiff also argues that the RFC is incomplete because Plaintiff's asthma was upgraded from mild to moderate on October 17, 2019. (ECF No. 11). Plaintiff points to a record from N.P. Hernandez on that date, stating "1. Moderate persistent asthma without complication Will increase Qvar to 2 puff twice a day. Will continue with albuterol. Goal is to use albuterol less than 2 times per week." (A.R. 841-42). However, as set forth in the ALJ's opinion quoted above, the same N.P. Hernandez submitted a medical source statement on August 20, 2020, giving a prognosis of "good," and "Improving. Using Qvar as prescribed [illegible] asthma has improved with treatment. Depression has improved." (A.R. 731).

After reviewing Plaintiff's arguments, the ALJ's opinion, and evidence cited in both, the Court finds that the ALJ's opinion is legally sufficient. While Plaintiff points to certain records that support Plaintiff's position, Plaintiff does not contest the extensive evidence cited by the ALJ, which provides substantial evidence for the ALJ's RFC. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999) (holding that ALJ was "responsible for resolving conflicts" and "internal inconsistencies" within doctor's reports); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041-1042 (9th Cir. 2008) ("[T]he ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence.").

\\\
\\\
\\\
\\\

### III. CONCLUSION AND ORDER

Based on the above reasons, the decision of the Commissioner of Social Security is affirmed. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**December 27, 2022**__             /s/ *Eric P. Groj*
                                                                    UNITED STATES MAGISTRATE JUDGE